UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

CARPENTERS LABOR-MANAGEMENT )
PENSION FUND, )
101 Constitution Avenue, N.W. )
Washington, D.C. 20001 )
)
and )
)
DOUGLAS MCCARRON, RICHARD )
ARISPE, ALAN CHIL'COTE, SAM B. )     Case No.
SMITH, as Trustees of the CARPENTERS )
LABOR- MANAGEMENT PENSION )
FUND, )
101 Constitution Avenue, N.W. )
Washington, D.C. 20001 )
)
                Plaintiffs, )
)
    v. )
)
M-CO., INC., a Mississippi Corporation, )
137 Comanchee Trail )
Delhi, Louisiana 71232 )
)
                Defendant. )
)
_____)

## COMPLAINT

Plaintiff, Carpenters Labor-Management Pension Fund ("Pension Fund'), and Plaintiffs, Douglas McCarron, Richard Arispe, Alan Chil'coté, and Sam B. Smith ("Trustees'), in their capacities as fiduciaries with respect to the Pension Fund (together, the "Plaintiffs"), by and through the undersigned counsel, on knowledge and on information and belief, complain of M-CO., INC., a Mississippi Corporation, ("Defendant") as follows:

### JURISDICTION

1.     This action arises under Section 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1145, Section 301 of the Labor-Management Relations Act of 1947, as amended ("LMRA"), 29

U.S.C. § 185, and as a federal question under 28 U.S.C. § 1331. Pursuant to those provisions, and pursuant to Section 502 of ERISA, 29 U.S.C. § 1132, jurisdiction over this action properly lies with this Court.

## VENUE

2. Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), as the Pension Fund is administered in the District of Columbia, and Article XIII, Section 13.5, of the Pension Fund's Trust Agreement provides that the District of Columbia shall be deemed the situs of the Pension Fund.

## PARTIES

3. Plaintiff Pension Fund is a multiemployer pension benefit plan within the meaning of Sections 3(2),3(37), 402, and 403 of ERISA, 29 U.S.C. §§ 1002(2), 1002(37), 1102 and 1103.

4. Plaintiff Trustees are Trustees of the Pension Fund, and are fiduciaries with respect to such Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21).

5. In accordance with Section 302©)(5) of the LMRA, 29 U.S.C. § 186©)(5), and Sections 402 and 403 of ERISA, 29 U.S.C. §§ 1102 and 1103, the Pension Fund was established and is maintained pursuant to the Agreement and Declaration of Trust of the Carpenters Labor-Management Pension Fund (the "Trust Agreement"), originally made and entered into on September 22, 1971, and amended from time to time, to provide retirement benefits to eligible employees covered by collective bargaining agreements with local unions affiliated with the United Brotherhood of Carpenters and Joiners of America.

6. The Trustees and the Pension Fund bring this action, in their respective capacities, under ERISA Sections 502(a)(3), 502(d)(1), 502(g)(2), and 515, 29 U.S.C. §§ 1132(a)(3), 1132(d)(1), 1132(g)(2), and 1145.

7. Upon information and belief, Defendant M-CO., INC., a Mississippi Corporation, is a for-profit corporation incorporated under the laws of Mississippi, and doing business in the State of Louisiana under the name of "M-CO., INC.", with a principal place of business at 137 Comanchee Trail, Delhi, Louisiana 71232.

8. Defendant is an "Employer" within the meaning of Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and engaged in the carpentry trade, and is therefore in an industry affecting commerce within the meaning of Section 3(12) of ERISA, 29 U.S.C. § 1002(12).

## ALLEGATIONS

9. Defendant entered into a Collective Bargaining Agreement (the "CBA") with the United Brotherhood of Carpenters and Joiners of America, Local Union 303.

10. Upon information and belief, Defendant has assumed certain reporting and contribution obligations relating to the CBA.

11. The CBA sets forth the rate at which Defendant agrees to make contributions to the Pension Fund on behalf of its employees.

12. Pursuant to the CBA, Defendant agrees to be bound by the Pension Fund's Trust Agreement and all procedures established pursuant to the Trust Agreement.

13. Article V of the Trust Agreement sets forth the contribution obligations of participating Employers.

14. Article V, Section 5.1 of the Trust Agreement requires an Employer, such as Defendant, to contribute to the Pension Fund the amount set forth in the applicable CBA.

15. Article V, Section 5.5 of the Trust Agreement requires an Employer to submit Employers Monthly Report ("Reports") on contributions to the Pension Fund, and states that "[t]he Trustees may at any time have an audit made of the

payroll and wage records of any Employer in connection with said contributions and/or reports."

16. Article V, Section 5.4 of the Trust Agreement provides that the Trustees may require an Employer that defaults in payment of any required contributions for thirty working days to pay a reasonable rate of interest, to be set by the Trustees, from the date the payment was due to the date the payment is made, and to pay such liquidated damages as the Trustees may set, together with all expenses incurred by the Trustees in collecting the unpaid contributions.

17. As authorized by Article V of the Trust Agreement, the Trustees have adopted certain procedures to monitor and enforce the reporting and contribution requirements of the CBA and the Trust Agreement (the "Collection Procedures").

18. Article III, paragraph (a) of the Collection Procedures provides that an Employer shall be considered delinquent if the Employer's Reports or contributions are not received by the Pension Fund by the first business day on or after the fifteenth day of the month, following the month in which the relevant hours were worked.

19. Article III, paragraph ©)(1) of the Collection Procedures specifies that the interest rate assessed by the Trustees on delinquent contributions shall be 1.5 percent per month.

20. Article III, paragraph ©)(4) of the Collection Procedures specifies that if legal action is taken against a delinquent Employer to collect delinquent contributions, the delinquent Employer shall be charged liquidated damages, audit fees, attorneys' fees, and costs incurred by the Pension Fund.

21. Article III, paragraph ©)(3) of the Collection Procedures specifies that liquidated damages shall equal the greater of $750, or 20 percent of the delinquent contributions.

22. Article IV, paragraph (a) of the Collection Procedures provides that it is the

policy of the Trustees to audit Employers to determine whether the Employers have satisfied their reporting and contribution obligations to the Pension Fund.

23. Article IV, paragraph (e)(2) of the Collection Procedures specifies that if payment of delinquent contributions and interest is not made within thirty days of notification thereof, the costs of an audit will be charged to the Employer.

## FIRST CLAIM FOR DELINQUENT CONTRIBUTIONS AND OTHER RELIEF

24. The allegations contained in Paragraphs 1 through 23 are hereby incorporated as if stated in full.

25. Defendant failed to properly report and make contributions pursuant to the terms of the CBA and Trust Agreement.

26. On or about September 27, 2005, the auditing firm of Needles & Associates, LLC, on behalf of the Pension Fund, conducted an audit of the Defendant's books and records for the contribution period of July 2002 through June 2005. The audit revealed current unpaid contributions in the amount of $10,106.48.

27. On October 13, 2005, the Pension Fund issued a demand upon Defendant, demanding that the Defendant comply with its statutory and contractual obligations and remit the delinquent contributions, with accrued interest, as required under the CBA and Trust Agreement.

28. Defendant did not comply with the Pension Fund's demand letter.

29. On February 20, 2006, the Pension Fund, through Counsel, issued further demands upon Defendant demanding that the Defendant immediately remit the delinquent contributions, with accrued interest. Counsel's letter dated February 20, 2006 also demanded submission of unfiled Reports for the period January 2006 to present.

30. Defendant did not respond to the Pension Fund's Counsel's demand letters.

31. To date, Defendant remains delinquent and has failed to pay any of the contribution deficiency, or any of the accrued interest, as required by the terms and conditions of the CBA and the Trust Agreement.

32. Defendant's failure to comply with its contribution obligations under the CBA and Trust Agreement has resulted in Defendant currently owing the Pension Fund the principal sum of $10,106.48. In addition, interest is due on this amount.

33. Defendant has further failed to submit and pay Reports for March 2006 to present. It is Plaintiffs information and belief that Defendant was performing work covered under the CBA during this period.

34. Defendant's delinquency has also resulted in Defendant owing the Pension Fund liquidated damages in the amount of $2,021.30, the cost of the audit in the amount of $5,393.90, and reasonable attorneys' fees and costs in bringing this action to enforce the Pension Fund's rights.

## SECOND CLAIM FOR RELIEF
## INJUNCTIVE RELIEF

35. Plaintiffs reallege and incorporate herein by reference each and every allegation contained in paragraphs 2 through 34 as if stated in full.

36. Plaintiffs allege as a Second Claim for Relief as to Defendant for injunctive relief.

37. ERISA section 502(a) provides in part: "A civil action may be brought . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this title or the terms of the plan. . . ."

38. Additionally, section 515 of ERISA (29 U.S.C. § 1145), as amended provides "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such

contributions in accordance with the terms and conditions of such plan or such agreement".

39. Defendant has submitted Reports to the Pension Fund late and/or without full contributions for work performed at least during the period of July 2002 to present.

40. Defendant has failed to submit Reports and/or remit full contributions to the Pension Fund for the period of March 2006 through present, and may fail to furnish Reports or remit contributions to the Pension Fund for subsequent months.

41. As a result of the Defendant's failure to pay contributions on the dates on which its contributions were due, Defendant has become indebted to the Pension Fund for contributions, liquidated damages, and interest.

42. Plaintiffs timely notified Defendant by letter of each delinquency and of the assessment of each delinquency, and repeatedly demanded payment of the delinquencies. To date, Defendant has failed to pay the delinquencies owed to the Pension Fund.

43. Defendant's failure to promptly pay its delinquencies to the Pension Fund on the dates on which such contributions were due is a violation of the CBA and Trust Agreement.

44. Defendant's delinquencies to Plaintiffs has occurred from July 2002 and are continuing.

45. Defendant will continue to refuse or fail to timely pay contributions to the Pension Fund and thereby create future unpaid delinquencies during the remaining terms of the CBA and Trust Agreement. Unless Defendant is enjoined from failing to make its contributions and restrained from incurring delinquencies, the Pension Fund will suffer irreparable injury for which there is no adequate remedy at law since, among other things, the Pension Fund will be required to bring a multiplicity of actions at law to recover the

delinquencies as they occur, to the Pension Fund's great expense and hardship. Further, unless Defendant is so enjoined, based on experiences with other similarly situated employers, the Pension Fund has little prospect of ever collecting on the additional delinquencies incurred as such employers frequently petition for bankruptcy, dissolve or otherwise cease doing business as a result of the financial difficulties involved in their delinquencies, and the Pension Fund is unable thereafter to collect delinquencies thus owing.

**WHEREFORE**, Plaintiffs pray that the following relief be granted:

A.  An injunction enjoining Defendant from violating the terms of the CBA and Trust Agreement;
B.  A judgment be entered against Defendant for contributions owed to the Pension Fund, in the amount of $10,106.48;
C.  A judgment for interest on all amounts due the Pension Fund, from the date they became due and until paid, at the rate of 1.5 percent per month, in accordance with the Trust Agreement and the Collection Procedures;
D.  A judgment for the greater of interest on all amounts due the Pension Fund, from the date they became due and until paid, at the rate of 1.5 percent per month, in accordance with the Trust Agreement and the Collection Procedures or liquidated damages in the amount of $2,021.30, in accordance with the Trust Agreement and the Collection Procedures and as permitted by ERISA Section 502(g), 29 U.S.C. § 1132(g);
E.  A judgment for $5,393.90, representing the Pension Fund's costs in conducting the audit;

///

///

F.    A judgment for attorneys' fees, court costs, and other costs incurred in connection with this action;

G.    A judgment for submission and payment of any unfiled reports;

H.    Such other further relief as the Court deems just and proper.

Dated: May 5, 2006

Brian F. Quinn, Esq. D.C. Bar No. 447619
a member of
DeCARLO & CONNOR,
a Professional Corporation
101 Constitution Ave. N.W.
Tenth Floor
Washington, DC 20001
Telephone (202)589-1151
Telecopier (202)589-0105
Email: bquinn@deconsel.com